UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GENE ALLEN,<br><br>       Petitioner,<br> v.<br><br>STATE OF NEVADA, *et al.*,<br><br>       Respondents. | Case No. 3:23-cv-00406-RCJ-CLB<br><br>ORDER |

Petitioner Gene Allen, a *pro se* Nevada prisoner, has not properly commenced this habeas action by either paying the standard $5.00 filing fee or filing a complete application for leave to proceed *in forma pauperis* ("IFP"). The Court has conducted a preliminary review of the petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Court concludes that the petition in the instant action is subject to summary dismissal.

 **I.**  **Failure to File a Complete IFP Application or Pay Filing Fee**

Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a $5.00 filing fee is required to initiate a habeas action in a federal district court. The Court may authorize an indigent prisoner to begin a habeas action without paying the $5 fee if he or she submits an IFP application on the approved form and includes three specific documents: (a) the prisoner's financial declaration and acknowledgement showing an inability to prepay fees and costs, (b) a financial certificate signed by the prisoner and an authorized prison official, and (c) a copy of the prisoner's account statement for the six-month period prior to filing. 28 U.S.C. § 1915(a); LSR 1-1, LSR 1-2.

Petitioner has not filed a complete IFP application or paid the $5 filing fee. Although Petitioner submitted an application (ECF No.6), he has not filed a complete IFP application on the Court's required form as required.

 **II.**  **Failure to Exhaust**

This action appears to challenge Petitioner's continued confinement and the denial of parole

released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Because habeas relief is not available for errors of state law, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. *Id*. Federal due process protection for a state-created liberty interest is "minimal"; all that is required is that "the minimum procedures adequate for due process protection of that interest" have been met." *Id*. at 220-21. The allegations in the petition fall short of establishing that the State failed to provide Petitioner with the required procedural protections when it denied him parole.

The Court further declines to recharacterize the petition as a § 1983 complaint. When a habeas petition is amenable to conversion on its fact, i.e., it names the correct defendants and seeks the correct relief, a federal court may construe the petition to plead causes of action under § 1983. *Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016). However, habeas action and § 1983 prisoner civil rights cases "differ in a variety of respects—such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings—that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus." *Id*. In this case, the petition is not amenable to conversion on its fact because it is not clear that Petitioner has named the proper defendant or whether recharacterization would disadvantage him. The Court will therefore dismiss the petition without prejudice and instruct the Clerk of the Court to send Petitioner a form complaint for § 1983 civil rights actions, so that Petitioner may assert claims under 42 U.S.C. § 1983 in a new case if he choses to do so.

It is therefore ordered that Petitioner's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that the Clerk of the Court sent Petitioner one blank copy of the form complaint for § 1983 civil rights actions.

It is further ordered that under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that Petitioner's motion for appeal for reconsideration of denial of parole (ECF No. 4), motion for order (ECF No. 5), application for leave to proceed *in forma pauperis* (ECF No. 6), and motion for a designation of transcripts (ECF No. 7) are denied as moot.

It is further ordered that the Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 20th day of September 2023.

_____
UNITED STATES DISTRICT JUDGE